[Cite as *In G.G.*, 2017-Ohio-7850.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                  )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

IN RE: G.G.                     C.A. Nos.    28574
      T.G.                                 28587
      C.L.                                 28594
      F.B.
      J.G.

                                APPEAL FROM JUDGMENT
                                ENTERED IN THE
                                COURT OF COMMON PLEAS
                                COUNTY OF SUMMIT, OHIO
                                CASE Nos.    DN 14-02-0087
                                                 DN 14-02-0088
                                               DN 14-02-0089
                                               DN 14-02-0086
                                               DN 14-02-0090

DECISION AND JOURNAL ENTRY

Dated: September 27, 2017

CARR, Presiding Judge.

{¶1}    Appellants-Parents ("Mother Amy", "Mother Angel", and "Father") individually appeal the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated their parental rights and placed the subject children in the permanent custody of Summit County Children Services Board ("CSB"). This Court reverses and remands for further proceedings.

I.

{¶2}    Mother Amy is the biological mother of C.L., G.G., and T.G. Mother Angel is the biological mother of F.B. and J.G. Father is the biological father of G.G., T.G., F.B., and J.G. C.L.'s father is unknown and is not a party to these appeals.

**{¶3}** After a contested permanent custody hearing, the juvenile court awarded permanent custody of all five children to CSB. All three parents appealed, raising numerous assignments of error. At the oral argument, all parties stipulated to error regarding Mother Amy's first and second assignments of error, which related to the issue of a conflict of interest during the permanent custody hearing. The conflict of interest issue relates to one attorney's application for and acceptance of imminent employment in CSB's legal counsel department during her representation of one of the parents. This Court agrees that the juvenile court committed error requiring reversal and remand.

**{¶4}** Although it appears to this Court on the surface that counsel may be representing adverse clients, and an inherent conflict of interest may exist pursuant to Prof.Cond.R. 1.7, this Court cannot make that determination in the first instance on the limited record here. Consequently, this matter is remanded to the juvenile court for a hearing including all parties to determine the following: (1) if a conflict of interest was created by counsel's acceptance of employment with CSB during the course of the permanent custody hearing; (2) if so, whether such a conflict of interest could be waived under the law; and (3) the impact of this type of conflict of interest on (a) each of the parents, (b) the agency, and (c) the children. The juvenile court failed to inquire regarding these issues when the conflict was disclosed below, and further declined to include the parents in the limited discussion it had with the attorneys.

**{¶5}** This Court declines to address all other remaining assignments of error at this time, because they have been rendered premature based on our remand.

II.

**{¶6}** Mother Amy's first and second assignments of error are sustained. We decline to address the parents'-appellants' remaining twelve assignments of error as they are no longer ripe

for review. The judgment is reversed and the cause is remanded to the Summit County Court of Common Pleas, Juvenile Division, with instructions to conduct a hearing including all parties to determine the issues enunciated above.

Judgment reversed,
and cause remanded with instructions.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

CANNON, J.
CONCURS.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

GREGORY PRICE, Attorney at Law, for Appellant.

JASON WALLACE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.

JOSEPH KERNAN, Guardian ad Litem.

GINA D'AURELIO, Attorney at Law, for the children.